

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable W. J. Muller
County Attorney
Kinney County
Brackettville, Texas

Dear Sir:

Opinion No. O-1534
Re: Does a common school district
trustee vacate his office by moving
out of the district in which he was
elected trustee?

We are in receipt of your letter of September 30, 1939, requesting the opinion of this Department as to whether a trustee of a common school district vacates such office by moving out of the common school district in which he or she was duly elected trustee.

Article 2745, R.C.S., 1925, relating to common school districts, provides in part as follows:

". . . No person shall be trustee who cannot read and write the English language intelligibly, and who has not been a resident of such district for six months prior to his election. Providing no person shall be qualified as trustee unless he is a property taxpayer in the district to which he is elected and otherwise a qualified voter in said district. . . ."

This Department stated in a letter opinion addressed to Hon. F. A. Young, dated July 7, 1938, that:

"Therefore, my advice to you turns upon the question of the party's residence. Residence is largely a question of fact to be determined by a jury. Intention is a factor in the question of residence which is given great controlling weight. Although a person who has been elected trustee may forfeit the right to that office by an abandonment of the residence which qualifies such person for such office, and although a person elected to the office must maintain a continued residence in the district from which he was elected, residence is to be determined by a reference to the party's declaration of intention and by the party's acts which evidence such intention."

In Sealy v. Scott (TCA 1928) 11 S.W. (2d) 605, it is stated:

"Furthermore, the record shows that the appellant Sealy is not now a resident citizen of the school district, but has removed with his family to another county, and, therefore, he is not now qualified to act as trustee of the Rocky Point School District. It follows that, whether he did or did not in fact resign as trustee before he moved his residence, to another county, becomes a moot question, since, even though the order appealed from should be reversed, appellant would gain nothing personally, nor would the school district thereby."

It is our opinion that if the common school district trustee in question moved out of the common school district under such facts and circumstances as to relinquish his residence therein, the office of school trustee which he held was thereby vacated. However, if said trustee left the district only temporarily with no intention to change his residence, such intention being supported by the facts and circumstances, the office of school trustee held by him would not by that fact alone become vacant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:BBB:egw

APPROVED: October 13, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B.
Chairman